Mr. Charles Travis Executive Director Texas Parks and Wildlife Department 4200 Smith School Road Austin, Texas 78744
Re: Whether provisions in Senate Bill No. 94 repealing certain provisions for fur-bearing animals are effective
Dear Mr. Travis:
You have requested an interpretation of article 1, section 37 of Senate Bill No. 94, which was enacted by the Sixty-eighth Legislature to repeal numerous provisions of the Parks and Wildlife Code. We believe that each provision of the code that is listed in section 37 is repealed on the effective date of a proclamation of the Parks and Wildlife Commission that regulates the conduct proscribed by that provision.
`A fundamental rule in the construction of statutes is to ascertain and give effect to the intent of the Legislature.' Jessen Associates, Inc. v. Bullock, 531 S.W.2d 593, 599 (Tex. 1975). Senate Bill No. 94 was enacted to place conservation control and game management under the sole authority of the Parks and Wildlife Department. See Bill Analysis to Senate Bill No. 94, prepared for House Committee on Environmental Affairs, filed in Bill File to Senate Bill No. 94, Legislative Reference Library. In so doing, the legislature repealed the provisions of the code included in article 1, section 36 of the bill on the effective date of the act, which is August 29, 1983. The legislature repealed numerous other provisions of the code in section 37, but with the intention that the repeal not be effective until the Parks and Wildlife Commission by proclamation regulates the conduct controlled by each of those provisions. Section 37 states that the provisions `are repealed,' but `effective as provided by Section 61.004, Parks and Wildlife Code.' Section 61.004 provides that a law making chapter 61 of the Parks and Wildlife Code applicable to all or a portion of the wildlife resources of a county or place repeals any provision of general or special law regulating the taking or possession of those wildlife resources when the commission's proclamation relating to those wildlife resources takes effect.
We believe that when the legislature referred to section 61.004 in section 37 of the bill, it simply meant to adopt the method set forth therein. In other words, its intent was that the statutes listed in section 37 would be deemed to be repealed only when a proclamation issued by the commission takes effect. We do not believe that it ever contemplated that the proclamations to be issued could affect only those statutes pertaining to wildlife resources that are under the regulatory authority in chapter 61. Otherwise, the listing of statutes in section 37 other than those pertaining to conduct that is regulated under chapter 61 could only be regarded as an idle gesture because a Parks and Wildlife Commission proclamation could never reach those statutes.
Therefore, it is our opinion that the legislature clearly intended to repeal all statutes listed in section 37, but that the repeal would become effective only on the effective date of a proclamation issued by the Parks and Wildlife Commission. See McDonald v. State, 615 S.W.2d 214, 219 (Tex.Crim.App. 1981).
 SUMMARY
The legislature repealed each provision of the Parks and Wildlife Code enumerated in article 1, section 37, Senate Bill No. 94, Acts of the Sixty-eighth Legislature, including provisions relating to fur-bearing animals, on the effective date of a proclamation of the Parks and Wildlife Commission regulating the conduct proscribed by that provision.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Tom Green First Assistant Attorney General
 David R. Richards Executive Assistant Attorney General
 Prepared by Nancy Sutton Assistant Attorney General